IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-10119-02-WEB |
| | ) | |
| NICHOLAS IBARRA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Memorandum and Order**

This matter came before the court on August 19, 2010 for a hearing on defendant Nicholas Ibarra's Motion for Revocation or Amendment of the Magistrate's Order of Detention. The court orally denied the motion at the conclusion of the August 19 hearing. This written memorandum will supplement the court's oral ruling.

I. *Background.*

The defendant was initially charged by complaint and made his initial appearance before a Magistrate Judge on August 2, 2010. The Government moved for detention and a detention hearing was held on August 6, 2010. After hearing evidence, the Magistrate Judge ordered that the defendant be detained pending trial, finding that he would pose both a flight risk and a danger to the community if released.

An Indictment was subsequently filed on August 10, 2010, charging the defendant and two other individuals with one count of unlawful possession with intent to distribute approximately 5 pounds of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On August 13, 2010, defendant timely filed his motion

for revocation or amendment of the Magistrate's order of detention. The Government has filed a response opposing defendant's motion.

II. *Discussion*.

The district court conducts a de novo review of a magistrate's order of detention. *See United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). Thus, the district court independently makes factual findings and determines the propriety of detention without deference to the magistrate judge's findings or conclusion. *United States v. Foster*, 2009 WL 3672516, *2 (D. Kan., Nov. 2, 2009) (citing *United States v. Lutz*, 207 F.Supp.2d 1247, 1251 (D. Kan.2002)). A de novo evidentiary hearing is not required; the district court may hear evidence or it may incorporate the record of the proceedings before the magistrate. *Id.* In this instance, the relevant facts were essentially agreed upon by the parties, and neither party had any additional evidence to present to the court at the August 19 hearing, although the court heard argument from both sides.

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142. The government bears the burden of proving a risk of flight by a preponderance of the evidence, and it must prove dangerousness by clear and convincing evidence. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). In a case such as this, where the Indictment alleges an offense under the Controlled Substances Act for which the maximum term of imprisonment is ten years or more, a rebuttable presumption of detention arises. § 3142(f). *Cf. United States v. Dozal*, 2009 WL 873011, *2 (D. Kan., Mar. 27, 2009) (noting defendant's

burden of production to meet the presumption is not heavy, and the burden of proof remains on the Government to show that release would pose danger or flight risk). *See also id.* ("the mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society.").

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the court must consider: (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

The factors in this case are not one-sided. As defendant points out, he has significant community ties to Wichita, having been born and raised here and having extensive family here. He is engaged and has resided in Wichita with his fiancee and their four children. He has no criminal record or documented history of drug or alcohol abuse. He was previously employed in the same job for four years (but was laid off approximately a month ago). All of the foregoing

3

factors weigh in favor of release. As the Government argues, however, there are significant factors weighing the other way. The defendant is charged with a very serious drug offense, allegedly involving a quantity for which the law ordinarily requires a minimum sentence of 10 years imprisonment and a maximum possible sentence of life imprisonment. A loaded firearm was found in the defendant's vehicle shortly after his meeting with an undercover officer, and according to the Government the defendant admitted after his arrest that he knew the weapon was present. The defendant was allegedly under surveillance by the Government during the offense conduct and allegedly went from his residence to a meeting with an undercover officer for the purpose of making a deal to sell a large quantity of methamphetamine. The fact of surveillance indicates that the evidence against the defendant may be strong. The Government proffers that the defendant made the arrangements and set the price for the deal – five pounds at $22,000 per pound. For purposes of the instant motion, defendant does not dispute that a large quantity of drugs – including approximately 5 pounds of methamphetamine – was found in his residence. The drugs were found in the same residence where his young children reside, raising serious questions about the defendant's judgment and character and whether his release would pose a danger to others, including members of his family. As the court noted at the hearing, there is a significant potential for violence whenever large quantities of drugs and money are involved; particularly when firearms are also involved. Finally, the Government noted that an electronic money-counting machine was also found in the defendant's residence, indicating a likelihood that significant drug dealing had occurred in the past and that proceeds from such activities had likely been present in the house. After considering all of the relevant factors, the court finds there is no combination of conditions that will reasonably assure the appearance of

the defendant as required, and the safety of the community.

III. *Conclusion*.

Defendant Nicholas Ibarra's Motion for Revocation or Amendment of Magistrate's Detention Order (Doc. 35) is DENIED. The Order of Detention previously entered in this case remains in effect. The defendant is hereby committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this __20th__ Day of August, 2010, at Wichita, Ks.

                                        s/Wesley E. Brown
                                        Wesley E. Brown
                                        U.S. Senior District Judge